IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

RICHARD E. DOVER,                    )
                                     )
            Plaintiff,               )
                                     )
                                     )
v.                                   )        No. 3:07-CV-471
                                     )
UNITED STATES OF AMERICA and the     )
FEDERAL DEPOSIT INSURANCE            )
CORPORATION,                         )
                                     )
            Defendant.               )

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "United States' and

FDIC's Joint Motion to Dismiss or, in the Alternative, Joint Motion for Summary Judgment"

[doc. 8]. Plaintiff has not filed a response to the motion within the time allowed by this

court's local rules. "Failure to respond to a motion may be deemed a waiver of any

opposition to the relief sought." E.D. TN. LR 7.2. The court finds that oral argument is

unnecessary, and the motion is ripe for the court's determination. For the reasons stated

herein, the motion will be granted, and this case will be dismissed.

### Defendant United States

The United States seeks dismissal pursuant to Federal Rule of Civil Procedure

12(b)(1) for lack of subject matter jurisdiction on grounds of sovereign immunity. When a

defendant challenges subject matter jurisdiction through a motion to dismiss, plaintiff has the

burden of proving the existence of jurisdiction. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Plaintiff has not met that burden as to the United States.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941). Nowhere in the complaint does plaintiff identify that the United States has waived its immunity to suit in this case. Plaintiff states that this court has jurisdiction pursuant to 28 U.S.C. § 1334, and he seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

Section 1334 is not a waiver of sovereign immunity. It is a statutory provision establishing that district courts have original and exclusive jurisdiction of cases arising under title 11, the bankruptcy code. *Cf. Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (28 U.S.C. 1331 "is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain."). In like fashion, "[t]he Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d. 466, 470 (6th Cir. 2003). The Declaratory Judgment Act also does not provide a waiver of sovereign immunity. *United States v. Royal Geropsychiatric Servs., Inc.*, 8 F. Supp. 2d 690, 696 (N.D. Ohio 1998) (citing *Thomas v. Pierce*, 662 F. Supp. 519, 524 (D.Kan. 1987)); *see also Normandy*

*Pointe Assocs. v. Fed. Emergency Mgmt. Agency*, 105 F. Supp. 2d 822, 826-27 (S.D. Ohio 2000).   Plaintiff has not identified a basis for subject matter jurisdiction that waives the sovereign immunity of the United States.  Therefore, the United States must be dismissed.


<u>Defendant FDIC</u>

Defendant Federal Deposit Insurance Corporation ("FDIC") moves for summary judgment on several grounds.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party may discharge its burden by  demonstrating  that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the  initial burden, that burden may be discharged by  a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried  its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to

present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

However, as referenced above, plaintiff has not submitted a response to the motion for summary judgment. Nevertheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612 (6th Cir. 1998). At a minimum, the court must examine the motion and determine whether the movant has met the initial burden of demonstrating the absence of a genuine issue of material fact. *Carver*, 946 F.2d at 455.

The FDIC argues that plaintiff's bankruptcy discharge claim or defense is barred by  res judicata or claim preclusion and on that basis summary judgment is appropriate. The court agrees.

> Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a *claim or defense that should have been raised, but was not*, in the prior suit.

*Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citations omitted and italics added).

Four elements need to be established for claim preclusion to apply: (1) a final decision on the merits was rendered by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as in the first; (3) the second action raises a claim that was litigated or should have been litigated in the first action; and (4) an identity of claims or causes of action exists. *Id.*; *see also Hayes v. City of Memphis*, 108 F. App'x 262, 264 (6th Cir. 2004) (citing *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997); *Rowe v. Register*, No. 1:07-cv-20, 2008 WL 2009186, at *15 (E.D. Tenn. May 8, 2008) (and cases cited therein).

The four elements necessary for the application of res judicata are present here. First, the prior action in this court, *FDIC v. Dover*, No. 3:03-CV-210, slip op. (E.D. Tenn. Sept. 27, 2004), addressed the issue of plaintiff's restitution when the FDIC pursued collection efforts. That case went to a final judgment at the district court level and went on to the Sixth Circuit Court of Appeals as well, *Federal Deposit Insurance Corp. v. Dover*, 453 F.3d 710 (6th Cir. 2006). Second, the FDIC and Dover were both parties to the first lawsuit, so the parties in the present lawsuit are identical to those in the prior case. Third, plaintiff's

claim here that his restitution was discharged in bankruptcy should have been raised and litigated in the prior action in this court. Last, there is an identity between the two actions. "'Identity of claims or causes of action' means an identity of the underlying facts and events creating the right of action and of the evidence necessary to sustain each action." *Rowe*, 2008 WL 2009186, at *16 (citing *Walker v. Gen. Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001)). Both cases are based on the same events or same core of operative facts, the circumstances under which plaintiff's restitution obligation arose and the events that occurred subsequent to creation of the obligation.

Therefore, plaintiff's claim as to the FDIC will be dismissed pursuant to Fed. R. Civ. P. 56 on the grounds that the claim or defense of discharge and the relief plaintiff seeks based on that discharge are barred by the doctrine of res judicata. The court does not need to reach the other grounds asserted by the FDIC as a basis for summary judgment.

For the reasons stated herein, this entire case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

_____ s/ Leon Jordan _____
United States District Judge