IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RICHARD E. DOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-471 |
| | ) | |
| UNITED STATES OF AMERICA and the | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion to Set Aside Order" filed by plaintiff [doc. 12]. Defendants have responded in opposition to the motion [doc. 16], and the plaintiff has submitted a reply [doc. 17]. Plaintiff has moved pursuant to Federal Rule of Civil Procedure 60 to have the court's order [doc. 11] that was entered July 3, 2008, dismissing this case set aside and to allow him an opportunity to respond to defendants' joint dispositive motion [doc. 8].

Plaintiff filed a "Complaint for Declaratory Judgment" [doc. 1] on December 14, 2007. On February 19, 2008, defendants filed the "United States' and FDIC's Joint Motion to Dismiss or, in the Alternative, Joint Motion for Summary Judgment" [doc. 8]. When the court granted the motion and dismissed the case, the plaintiff had not responded to the motion. Plaintiff then filed the pending motion, his counsel contending that they did not receive notice of the filing of defendant's motion. Both counsel of record for plaintiff

have submitted affidavits in support of their motion and contend that they did not receive notice of the filing from the court's ECF system. Defendants argue primarily that plaintiff is not entitled to relief because he has not met the requirements of Rule 60.

Plaintiff's motion does not identify the specific section of Rule 60 under which he is seeking relief; however, in his memorandum, he quotes from Rule 60(b)(1) and (6). Rule 60(b) provides in pertinent part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>  . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion for Rule 60 relief, plaintiff contends that his counsel did not receive notice of the electronic filing of the defendants' joint dispositive motion. "[F]ailure to submit a filing at all constitutes neglect." *B & D Partners v. Pastis*, No. 05-5954, 2006 WL 1307480, at *2 (6th Cir. May 9, 2006). The question becomes whether the neglect is excusable. *Id*. Counsel for plaintiff submitted affidavits stating that they did not receive notice of the filing. Defendants submit with their response a copy of the Notice of Electronic Filing from the court's docket concerning the filing of the motion and the electronic mailing

to plaintiff's counsel[1] With the reply brief, plaintiff submits the affidavit of a support staff person who also states she did not receive service of the pleadings.

However, even assuming that plaintiff did not receive notice of the defendants' motion, he does not adequately explain why he did not check the court's docket for more than six months after filing his complaint. The explanation that counsel was waiting for the court to rule on pleadings that were filed in case No. 3:02-mc-34 is unacceptable. Waiting for the court to rule does not excuse a plaintiff's responsibility to prosecute his case and to monitor the court docket to see if responsive pleadings have been filed. Had counsel checked the docket to confirm that the defendants had been served and to determine if pleadings responsive to the complaint had been filed, they would have learned about the motion filed on February 19, 2008. In addition, case No. 3:02-mc-34 was a case that had been terminated in 2003 when it was converted to a civil action and was a case that was not being monitored by the court. Counsel of record in this case were all aware of the conversion of the miscellaneous case, and the pleadings filed by counsel in that case have been stricken [*see* civil action No. 3:03-CV-376, doc. 52]. The court finds that plaintiff's failure to respond to defendants' joint dispositive motion was not excusable neglect.

Nevertheless, even if plaintiff's failure to respond were excusable, an additional showing for Rule 60(b)(1) relief must still be made. "In order to receive Fed. R.

---

[1] The court notes that had the Notices of Electronic Filing for defendants' joint dispositive motion, which were sent to both of plaintiff's counsel of record and their support staff, been returned undelivered, someone from the Clerk's office would have contacted plaintiff's counsel to notify them of the problem.

Civ. P. 60(b)(1) relief, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense." *Merriweather v. Wilkinson*, 83 Fed. App'x 62, 63 (6th Cir. 2003) (citing *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980)); *see also Mayhew v. Gusto Records, Inc.*, 69 Fed. App'x 681, 682 (6th Cir. 2003).

> Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim. *See generally* 11 Wright & Miller, *Federal Practice and Procedure*: Civil § 2857, p. 161 (1973).

*Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990); *see also Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (and cases cited therein).

Thus, plaintiff must demonstrate that he has a meritorious claim or defense as to the United States and the FDIC. In the initial motion, plaintiff only argued that he did not receive notice of the filing and presented his counsel's affidavits. In his reply, plaintiff makes some attempt to address the bases on which summary judgment was granted to the United States and the FDIC.

The United States was dismissed based on sovereign immunity because plaintiff had not demonstrated how in this case the United States had waived its immunity to suit. Plaintiff argues in his Rule 60 reply brief that "the United States waived its sovereign immunity when it filed suit against Mr. Dover to collect a restitution order and that Mr. Dover is entitled to seek all defenses available to him." Plaintiff cites no authority for this

4

proposition. The court still believes that a plaintiff must demonstrate a waiver of sovereign immunity when he sues the United States in an individual case, which the plaintiff has not done here. Therefore, plaintiff has not shown a meritorious claim as to the United States.

As to the res judicata issue, the basis on which the FDIC was dismissed, plaintiff argues that his declaratory judgment action is founded on the Sixth Circuit Court of Appeals decision in *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006). He contends that he could not have raised the issue of discharge regarding his restitution order prior to the *Hughes* decision. However, plaintiff does not address the arguments made by the defendants in their supporting memorandum [doc. 9] which point out when plaintiff had the opportunity to bring the *Hughes* decision to the attention of the Sixth Circuit in the prior action and he failed to do so.[2] Based on the plaintiff's presentation here, which is insufficient for Rule 60(b)(1) relief, the court would not change its prior ruling regarding res judicata. Accordingly, the court will deny plaintiff's motion to the extent it seeks relief pursuant to Rule 60(b)(1) as to the FDIC.

Plaintiff also quotes from subsection (b)(6). However, subsection (6) of Rule 60 does not apply in this case because that provision "applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule

---

[2] When plaintiff returned to the sentencing court in 2007, the United States District Court for the Southern District of Texas, seeking to have the amount of his restitution reduced to zero, he did not bring the *Hughes* case to the attention of the court nor did he argue that his restitution was discharged in bankruptcy. *United States v. Dover*, No. H-91-044-01, 2007 WL 1452798 (S.D. Tex. May 17, 2007).

60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "Moreover, the exceptional circumstances under Rule 60(b)(6) require 'unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (quoting *Olle*, 910 F.2d at 365 emphasis in original). This is so because "almost every conceivable ground for relief is covered" by the other subsections of the Rule 60(b). *Olle*, 910 F.2d at 365.

As discussed above, plaintiff failed to respond to a motion to dismiss or for summary judgment and that constitutes neglect. *B & D Partners,* 2006 WL 1307480, at *2. His request for relief, therefore, was considered by the court under Rule 60(b)(1), and subsection (b)(6) is unavailable to plaintiff. In any event, this case does not present the extreme situation in which equity would mandate relief under Rule 60(b)(6). *Jinks*, 250 F.3d at 387. Therefore, to the extent plaintiff's motion seeks relief under Rule 60(b)(6), the motion will be denied.

Accordingly, for the reasons stated herein, plaintiff's "Motion to Set Aside Order" [doc. 12] will be denied. An order consistent with this opinion will be entered.

ENTER:

          s/ Leon Jordan
United States District Judge